# Exhibit 1

Case 3:25-cv-00025-TSL-MTP    Document 1-1    Filed 01/14/25    Page 2 of 21
Case 4:24-cv-03180    Document 1-2    Filed on 08/26/24 in TXSD    Page 105 of 126
Case 1:21-cv-06992-JPO    Document 168    Filed 09/12/22    Page 1 of 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

M.D. RICHARD ARJUN KAUL, *et al.*,
            Plaintiffs,

            -v-

INTERCONTINENTAL EXCHANGE, *et
al.*,
            Defendants.

21-CV-6992 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

"This case is another chapter in a long saga of repetitive, frivolous lawsuits [*pro se*
Plaintiff Richard Arjun] Kaul has brought against numerous defendants regarding revocation of
his license to practice medicine." *Kaul v. Fed'n of State Med. Boards*, 21-CV-57, 2021 WL
6550884, at *1 (N.D. Tex. Sept. 17, 2021), *report and recommendation adopted*, 21-CV-57,
2022 WL 171294 (N.D. Tex. Jan. 19, 2022). *Pro se* Plaintiffs Richard Arjun Kaul and David
Basch sue various stock exchange holding companies (Defendant Intercontinental Exchange),
banks and insurance companies (Defendants GEICO; TD Bank; Allstate Insurance Company),
medical boards and medical officials (Defendants Federation State Medical Boards), New Jersey
officials (Defendants Christopher J. Christie; Philip Murphy; Gurbir Grewal), health institutions
and practitioners (Defendants Atlantic Health System; Robert Heary), law firms (Defendant
Rivkin Radler), and lawyers (Defendants Max Gersenoff; Daniel Stolz).

The amended complaint can be understood to assert claims under the Sarbanes-Oxley Act
("SOX"), the Racketeer Influence Corrupt Organizations Act ("RICO"), Section 1983, and the
United Nations Declaration of Human Rights. Various defendants move to dismiss the amended
complaint for failure to contain a short and plain statement of claims; for lack of personal
jurisdiction; for lack of venue; and for failure to state a claim. Several defendants request that

1

Case 3:25-cv-00025-TSL-MTP    Document 1-1    Filed 01/14/25    Page 3 of 21
Case 4:24-cv-03180    Document 1-2    Filed on 08/26/24 in TXSD    Page 106 of 126
Case 1:21-cv-06992-JPO    Document 168    Filed 09/12/22    Page 2 of 20

Plaintiff Kaul be barred from filing further lawsuits against them for alleged violations arising from these facts.

For the reasons that follow, this action is dismissed for pleading failures; for lack of venue; and for failure to state a claim. Given Plaintiff Kaul's history of filing repetitive and frivolous lawsuits, the action will not be transferred. The action is dismissed with prejudice. Plaintiff Kaul is barred from filing further lawsuits against these defendants for alleged violations arising out of this set of facts.

I.    Background

A.    Filing History

"In March 2014, the New Jersey State Board of Medical Examiners . . . revoked [Plaintiff Richard Arjun Kaul's] medical license." *Kaul v. Christie*, 372 F. Supp. 3d 206, 215 (D.N.J. 2019). It found that "his performance of spine surgeries on 11 patients without proper training and experience constituted gross and repeated malpractice, negligence, and incompetence." *Id.* Since then, Plaintiff Kaul has filed a series of lawsuits around the country. These lawsuits generally allege that "a network of politically connected neurosurgeons wanted to make an example of him," and so "with the assistance of a cabal of lawyers, hospitals, insurance companies and media figures, they importuned public officials to banish him from the practice of medicine in New Jersey." *Id.* No lawsuits have resulted in any relief for Kaul.

Over the past decade, Plaintiff Kaul has filed four substantially similar cases in the Southern District of New York. Each has been transferred to the District of New Jersey. *See, e.g., Kaul v. Christie*, 16-CV-1346 (S.D.N.Y. Apr. 19, 2016) (Sullivan, J.) (transferring action to D.N.J.); *Kaul v. Christie*, 18-CV-3131, 2018 WL 10038784 (S.D.N.Y. Apr. 11, 2018) (McMahon, J.) (transferring action to D.N.J.); *Kaul v. Schumer*, 19-CV-3046 (S.D.N.Y. May 29, 2019) (Stanton, J.) (transferring action to D.N.J.); *Kaul v. Murphy*, 21-CV-5293 (S.D.N.Y. June

2

Case 3:25-cv-00025-TSL-MTP    Document 1-1    Filed 01/14/25    Page 4 of 21
Case 4:24-cv-03180   Document 1-2   Filed on 08/26/24 in TXSD   Page 107 of 126
Case 1:21-cv-06992-JPO   Document 168   Filed 09/12/22   Page 3 of 20

21, 2021) (Briccetti, J.) (transferring action to D.N.J.). Plaintiff has filed a case in the Northern

District of Georgia alleging that New Jersey officials targeted him. That case too was transferred

to the District of New Jersey. *See Patel v. Crist*, No. 19-CV-739, 2019 WL 11583344, at *1

(N.D. Ga. Apr. 2, 2019) (Brown, J.). Plaintiff has filed two cases in the District of Columbia.

One was dismissed in part and otherwise transferred to the District of New Jersey. *See Kaul v.*

*Fed'n of State Med. Boards*, No. 19-CV-3050, 2020 WL 7042821, at *1 (D.D.C. Dec. 1, 2020)

(Chutkan, J.); *Kaul v. Fed'n of State Med. Boards*, No. 19-CV-3050, 2021 WL 1209211, at *1

(D.D.C. Mar. 31, 2021) (Chutkan, J.). The other was dismissed *sua sponte*. *See Kaul v. Fed'n of*

*State Med. Boards*, No. 20-CV-1612, 2021 WL 6549978, at *1 (D.D.C. Nov. 23, 2021)

(Chutkan, J.) Plaintiff has filed a case in the District of Connecticut. It too was transferred to the

District of New Jersey. *See Kaul v. Murphy*, No. 21-CV-439, 2021 WL 1601149, at *2 (D.

Conn. Apr. 23, 2021) (Bryant, J.). Plaintiff has filed a case in the District of Massachusetts. It

was dismissed for lack of venue and transfer was refused. *See Kaul v. Bos. Partners, Inc.*, No.

21-CV-10326, 2021 WL 3272216, at *1 (D. Mass. July 30, 2021). Plaintiff has filed a case in

the Northern District of Texas. It was dismissed with prejudice. *See Kaul v. Fed'n of State Med.*

*Boards*, 21-CV-57, 2021 WL 6550884, at *1 (N.D. Tex. Sept. 17, 2021) (Ray, Jr., J.), *report and*

*recommendation adopted*, 21-CV-57, 2022 WL 171294 (N.D. Tex. Jan. 19, 2022). Plaintiff

appears to have filed a complaint in the Northern District of Illinois as well. *See* Compl., *Kaul v.*

*Allstate Ins. Co.*, No. 21-CV-736 (N.D. Ill. Feb. 5, 2021), ECF No. 1.

Plaintiff Kaul has never received any relief in these cases. District courts in the District

of New Jersey have dismissed some. *See, e.g., Kaul v. Christie*, 16-CV-2364, 2019 WL 920815

(D.N.J. Feb. 22, 2019) (McNulty, J.) (granting motion to dismiss); *Kaul v. Christie*, 372 F. Supp.

3d 206 (D.N.J. Feb. 25, 2019) (McNulty, J.) (granting motion to dismiss); *Kaul v. Christie*, No.

3

Case 3:25-cv-00025-TSL-MTP    Document 1-1    Filed 01/14/25    Page 5 of 21
Case 4:24-cv-03180    Document 1-2    Filed on 08/26/24 in TXSD    Page 108 of 126
Case 1:21-cv-06992-JPO    Document 168    Filed 09/12/22    Page 4 of 20

16-CV-2364, 2019 WL 13176430, at *4 (D.N.J. July 29, 2019) (Martinotti, J.) (denying motion

for reconsideration); *Patel v. Crist*, No. 19-CV-9232, 2020 WL 64618, at *1 (D.N.J. Jan. 7,

2020) (Vazquez, J.) (granting motion to dismiss); *Patel v. Crist*, No. 19-CV-8946, 2020 WL

64571, at *1 (D.N.J. Jan. 7, 2020) (Vazquez, J.) (granting motion to dismiss); *Patel v. Crist*, No.

19-CV-9232, 2020 WL 6156772, at *1 (D.N.J. Oct. 20, 2020) (granting motion to dismiss);

*Patel v. Crist*, No. 19-CV-8946, 2020 WL 6156751, at *1 (D.N.J. Oct. 20, 2020) (granting

motion to dismiss); *Kaul v. Murphy*, No. 21-CV-13063, 2021 WL 3663873, at *1 (D.N.J. July 9,

2021) (dismissing complaint *sua sponte*). Kaul has voluntarily dismissed others. *See, e.g., Kaul

v. Christie*, No. 19-1651, 2019 WL 4733531, at *1 (3d Cir. June 20, 2019) (dismissing appeal

without prejudice pursuant to Fed. R. App. P. 42(b)); *Kaul v. Stein*, No. 20-3522, 2021 WL

6197149, at *1 (3d Cir. Nov. 12, 2021) (dismissing appeal pursuant to Fed. R. App. P. 42(b));

(Dkt. No. 101 at 3-4.) But Kaul continues to file lawsuits in various jurisdictions.

### B.    Factual Background

The amended complaint follows the pattern of Plaintiff Kaul's earlier filings. The

sprawling, largely indecipherable 432-page document references a purported kidnapping; a

"Slaving-Nazi-COVID-Insurance Axis"; and other conspiracies. (*See* Dkt. No. 14 ("Am.

Compl.") at 9.) It identifies six specifically. First, it alleges that the New York Stock Exchange,

the Securities Exchange Commission, and State of New Jersey conspired to: "(i) hav[e] Kaul's

medical license revoked; (ii) eradicat[e] all debt owed to Kaul by insurance carriers (approx. $45

million); (iii) destroy[] Kaul's reputation; (iv) eliminat[e] any future financial liability to Kaul;

(v) caus[e] Kaul to enter a state of poverty/homelessness; (vi) attempt[] to cause Kaul to be

jailed/deported/killed; [and] (vii) intimidat[e] other minimally invasive spine surgeons into not

performing minimally invasive spine surgery, in order to divert a greater percentage of the

public's insurance premiums into corporate/executive compensation." (Am. Compl. ¶ 21.)

Case 3:25-cv-00025-TSL-MTP    Document 1-1    Filed 01/14/25    Page 6 of 21
Case 4:24-cv-03180    Document 1-2    Filed on 08/26/24 in TXSD    Page 109 of 126
Case 1:21-cv-06992-JPO    Document 168    Filed 09/12/22    Page 5 of 20

The second is that after "Kaul's corporations" filed for bankruptcy, Defendants Allstate and GEICO conspired with the bankruptcy trustee, Defendant Daniel Stolz, "to accept bribes from Defendants Allstate/Geico in return for not pursuing the $45 million owed to Kaul by Defendants Allstate/Geico and others within the insurance industry." (Am. Compl. ¶¶ 73-74.)

The third is that Defendants converted "the legislative/executive/judicial branches of the State of New Jersey and the United States District Court" to an association-in fact enterprise. (Am. Compl. ¶ 94.) The enterprise was designed "to increase . . . economic/political power within the American legal/medical/business/political sectors of the industry, at the expense of Kaul . . . an non-neurosurgical minimally invasive spine surgeons," and "to use the United States District Court to provide cover for the Defendants' crimes." (Am. Compl. ¶ 94.)

The fourth is that Defendants "convert[ed] the executive/legislative/judicial branches of the State of New Jersey, United States Bankruptcy Court and the United States [D]istrict Court into an association-in-fact racketeering enterprise." (Am. Compl. ¶ 105.) The amended complaint alleges that Defendants Allstate and GEICO conspired with Defendant Federation of State Medical Boards "to globally disseminate information regarding Kaul's elimination, in order to prevent him exposing their crimes." (Am. Compl. ¶ 111.) It further alleges that Defendants Allstate and GEICO participated in a "bribery-based scheme of racketeering" to "commit corruption of judges within the United States District Court." (Am. Compl. ¶¶ 112-114.)

The fifth is that Defendant Christie "conspire[d] with Defendants Murphy/Grewal/ Allstate/Geico to have Kaul kidnapped on May 28, 2021, by nine (9) armed individuals . . . who purported to be NJ state police." (Am. Compl. ¶ 120.) The complaint alleges that Defendants Allstate and GEICO "funnel[led] bribes to Defendants Christie/Murphy/Grewal, as part of a quid pro scheme, in which Defendants Christie/Murphy/Grewal sold, without the public's permission,

Case 3:25-cv-00025-TSL-MTP    Document 1-1    Filed 01/14/25    Page 7 of 21
Case 4:24-cv-03180    Document 1-2    Filed on 08/26/24 in TXSD    Page 110 of 126
Case 1:21-cv-06992-JPO    Document 168    Filed 09/12/22    Page 6 of 20

state power to Defendants Allstate/Geico, in furtherance of their efforts to eliminate Kaul, and prevent him from further exposing their crimes." (Am. Compl. ¶ 134.)

The sixth is that Defendants conspired to "prevent Kaul from obtaining a physician license in the State of New York." (Am. Compl. at 35.) The State of New York too was allegedly converted into a "racketeering enterprise." (Am. Compl. at 36-37.) In short, Plaintiffs allege that Defendants initially conspired to revoke Kaul's medical license and that Defendants have conspired to deny Kaul relief at every relevant proceeding since then. (*See* Am. Compl.)

For example, the amended complaint emphasizes that Plaintiff Kaul filed suit against Defendant GEICO, among others, in the Southern District of New York. (*See* Am. Compl. ¶ 14.) There, Plaintiff Kaul sought "$28,000 trillion" in monetary damages. (*See* Am. Compl. ¶ 14.) Plaintiff Kaul alleges that Defendants did not disclose this liability "in SEC filings, Forms 10K/13K, and in the corporations' accounts." (Am. Compl. ¶ 14.) Instead, they "conspired with their lawyers and accounts to file knowingly false returns/accounts." (Am. Compl. ¶ 15.) Finally, Plaintiff Kaul summarily alleges that Defendants "violate[d] and deprive[d] Kaul of his constitutional rights pursuant to the $1^{st}/2^{nd}/4^{th}/5^{th}/6^{th}/8^{th}/14^{th}$ amendments . . ." and deprived him of "(i) his property; (ii) his right to due process; (iii) his right to freedom to freedom of speech; (iv) his right to an impartial tribunal; (v) his prosecutorial rights; (vi) his right to equal protection; [and] (vii) his liberty and a decade of his life." (Am. Compl. ¶ 140.) And Plaintiff alleges that Defendants "abused the power of the American State to violate Kaul's human rights as enshrined in the Universal Declaration of Human Rights." (Am. Compl. ¶ 140.)

As relevant to Plaintiff Basch, the amended complaint alleges only that Defendant GEICO "in collusion and conspiracy with Defendants Rivkin Radler/Gersenoff," committed "RICO predicate acts of bribery/public corruption, in funneling bribes to judges within the

6

Case 3:25-cv-00025-TSL-MTP    Document 1-1    Filed 01/14/25    Page 8 of 21
Case 4:24-cv-03180    Document 1-2    Filed on 08/26/24 in TXSD    Page 111 of 126
Case 1:21-cv-06992-JPO    Document 168    Filed 09/12/22    Page 7 of 20

District of New Jersey in a series of quid pro quo schemes, in which corrupted judges did enter order/judgements adverse to Plaintiff Basch and other physicians, while entering order/judgments advantageous to Defendant Geico." (Am. Compl. ¶ 148.)

### C.    Procedural History

Plaintiffs filed this action on August 19, 2021. (*See* Dkt. No. 1 ("Compl.").) The amended complaint can be understood to assert the following claims. First, the amended complaint asserts that Defendants violated reporting requirements under the Sarbanes-Oxley Act. *See* 15 U.S.C. § 7241; (Am. Compl. ¶¶ 14-20.). Second, it asserts that Defendants violated the Racketeer Influence Corrupt Organizations Act ("RICO"). *See* 18 U.S.C. § 1962(c); (Am. Compl. ¶¶ 21-135, pp. 35-37.) Third, it identifies constitutional violations and asserts a cause of action under 42 U.S.C. § 1983. (*See* Am. Compl. ¶ 140.) Fourth, it asserts a cause of action under the United Nations Declaration of Human Rights. (*See* Am. Compl. ¶ 140.)

Defendants move to dismiss. Several defendants move to dismiss the complaint under Federal Rule of Civil Procedure 8 for failure to contain a short and plain statement of claims. (*See* Dkt. No. 70 ("Federation Memo") at 6-7; Dkt. No. 83 ("ICE Memo") at 10-11; Dkt. No. 94 ("Allstate Merits Memo") at 1, 13; Dkt. No. 145 ("Heary Memo") at 10.) Other defendants move to dismiss the complaint under Rule 12(b)(2) for lack of personal jurisdiction. (*See* Dkt. No. 128 ("Atlantic Health Memo") at 9; Dkt. No. 145 ("Heary Memo") at 6-7.) Other defendants move to dismiss the complaint under Rule 12(b)(3) for lack of venue. (*See* Dkt. No. 83 ("ICE Memo") at 16-19; Dkt. No. 92 ("Allstate Venue Memo") at 1-21; Dkt. No. 118 ("Christie Memo") at 2-13; Dkt. No. 128 ("Atlantic Health Memo") at 9.) Still others move to dismiss the complaint under Rule 12(b)(6) for failure to state a claim. (*See, e.g.*, Dkt. No. 70 ("Federation Memo") at 7-10; Dkt. No. 83 ("ICE Memo") at 13-21; Dkt. No. 94 ("Allstate Merits Memo") at 2-12; Dkt. No. 101 ("GEICO Memo") at 10-24; Dkt. No. 97 ("TD Bank

Case 3:25-cv-00025-TSL-MTP    Document 1-1    Filed 01/14/25    Page 9 of 21
Case 4:24-cv-03180    Document 1-2    Filed on 08/26/24 in TXSD    Page 112 of 126
Case 1:21-cv-06992-JPO    Document 168    Filed 09/12/22    Page 8 of 20

Memo") at 7-13; Dkt. No. 145 ("Heary Memo") at 8-16.) Finally, several defendants have requested that an anti-filing injunction be issued against Plaintiff Kaul. (*See, e.g.*, Dkt. No. 70 ("Federation Memo") at 10-13; Dkt. No. 97 ("TD Bank Memo") at 13; Dkt. No. 101 ("GEICO Memo") at 26-29; Dkt. No. 104 ("Allstate Injunction Memo") at 1-3; Dkt. No. 118 ("Christie Memo") at 13-17; Dkt. No. 150 ("Atlantic Health Injunction Memo") at 1-5; Dkt. No. 145 ("Heary Memo") at 16-19.)

## II.    Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) further requires that "[e]ach allegation must be simple, concise, and direct." "A complaint fails to comply with Rule 8(a)(2) if it is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Strunk v. U.S. House of Representatives*, 68 F. App'x 233, 253 (2d Cir. 2003).

Rule 12(b)(2) permits a court to dismiss a defendant for "lack of personal jurisdiction." A plaintiff "bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." *Penguin Gr. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010). The plaintiff is required to make only "a prima facie showing," *Schultz v. Safra Nat'l Bank of New York*, 377 F. App'x 101, 102 (2d Cir. 2010), and such a showing "may be established solely by allegations" in good faith. *Aviles v. S&P Global, Inc.*, 380 F. Supp. 3d 221, 256 (S.D.N.Y. 2019). But those allegations must have "factual specificity"; conclusory statements do not suffice. *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998).

Rule 12(b)(3) permits a court to dismiss a complaint for "improper venue." Under 28 U.S.C. § 1391, a civil action may only be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; "a judicial

8

Case 3:25-cv-00025-TSL-MTP    Document 1-1    Filed 01/14/25    Page 10 of 21
Case 4:24-cv-03180    Document 1-2    Filed on 08/26/24 in TXSD    Page 113 of 126
Case 1:21-cv-06992-JPO    Document 168    Filed 09/12/22    Page 9 of 20

district in which a substantial part of the events or omissions giving rise to the claim occurred, or

a substantial part of property that is the subject of the action is situated"; or "if there is no district

in which an action may otherwise be brought . . . any judicial district in which any defendant is

subject to the court's personal jurisdiction with respect to such action." In deciding venue, the

Court "must draw all reasonable inferences and resolve all factual conflicts in favor of plaintiff."

*Pablo Star Ltd. v. Welsh Gov't*, 170 F. Supp. 3d 597, 609 (S.D.N.Y. 2016).

Rule 12(b)(6) authorizes a district court to dismiss a complaint for "failure to state a

claim upon which relief can be granted." To survive a motion to dismiss for failure to state a

claim, a complainant must state "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

This means that a complaint is properly dismissed where "the allegations in a complaint,

however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. A

complaint is also properly dismissed "where the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

Plaintiff is proceeding *pro se*. "It is well-established that the submissions of a *pro se*

litigant must be construed liberally and interpreted to raise the strongest arguments that they

suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020). "Nonetheless, a

*pro se* complaint must state a plausible claim for relief." *Id.*

**III.    Discussion**

The amended complaint is dismissed with prejudice. The pleading violates Rule 8(a)(2)

because it fails to provide a plain statement of the claims at issue. The amended complaint fails

to establish venue because all of the defendants are not residents of New York, and a substantial

Case 3:25-cv-00025-TSL-MTP    Document 1-1    Filed 01/14/25    Page 11 of 21
Case 4:24-cv-03180    Document 1-2    Filed on 08/26/24 in TXSD    Page 114 of 126
Case 1:21-cv-06992-JPO    Document 168    Filed 09/12/22    Page 10 of 20

part of the alleged violations do not arise in the Southern District of New York. In the alternative, the amended complaint fails to state a claim. Dismissal is appropriate rather than transfer. And Plaintiff Kaul is barred from filing new actions arising from these facts.

### A.    Rule 8(a)(2)

The pleading here totals 432 pages of single-space paragraphs and exhibits. (*See* Am. Compl.) As in Plaintiff Kaul's previous cases, the amended complaint "contains rambling quotes and excerpts from various sources, . . . spurious comparisons between the insurance industry, on the one hand, and Nazi Germany and slavery, on the other, . . . and difficult-to-follow references to Mr. Kaul's other pending litigation (and related documents)." *Bos. Partners, Inc.*, 2021 WL 3272216, at *3. Such a pleading amounts to "a prolix and unintelligible 'conspiracy theory novel.'" *O'Neil v. Ponzi*, 394 Fed. App'x 795, 796 (2d Cir. 2010). It fails "to provide fair notice of the claims and enable the adverse party to answer the complaint and prepare for trial." *Strunk*, 68 Fed. App'x at 235. Accordingly, the amended complaint is dismissed on the ground that it fails to provide a short and plain statement of the claim under Rule 8.

### B.    Personal Jurisdiction and Venue

This action is also dismissed for lack of venue. Defendants Atlantic Health Systems and Robert Heary move to dismiss for lack of personal jurisdiction. (*See* Dkt. No. 128 ("Atlantic Health Memo") at 9; Dkt. No. 145 ("Heary Memo") at 6-7.) Defendants Intercontinental Exchange, Allstate, Chris Christie, and Atlantic Health Systems also move to dismiss for lack of venue. (*See* Dkt. No. 83 ("ICE Memo") at 16-19; Dkt. No. 92 ("Allstate Venue Memo") at 1-21; Dkt. No. 118 ("Christie Memo") at 2-13; Dkt. No. 128 ("Atlantic Health Memo") at 9. "[A] federal court has leeway to choose among threshold grounds for denying audience to a case on

Case 3:25-cv-00025-TSL-MTP    Document 1-1    Filed 01/14/25    Page 12 of 21
Case 4:24-cv-03180    Document 1-2    Filed on 08/26/24 in TXSD    Page 115 of 126
Case 1:21-cv-06992-JPO    Document 168    Filed 09/12/22    Page 11 of 20

the merits." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007)

(marks omitted). A dismissal for lack of venue is more appropriate here.

Plaintiffs have not met their burden to allege venue. To assess venue, a court "must

determine whether the case falls within one of the three categories set out in [28 U.S.C.]

§ 1391(b)." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist., of Tex.*, 571 U.S. 49, 56

(2013). Venue does not lie in the Southern District of New York under Section 1391(b)(1)

because, as alleged, nearly all defendants reside outside of New York. (*See* Am. Compl. at 3.)

Venue does not lie in the Southern District of New York under Section 1391(b)(2)

because "a substantial part of the events or omissions giving rise to the claim" did not occur in

this district. 28 U.S.C. § 1391(b)(2). To apply this provision a district court must "(1) identify

the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those

claims, and (2) determine whether a substantial part of those acts or omissions occurred in the

district where the suit was filed." *Fisher v. Int'l Student Exch., Inc.*, 38 F. Supp. 3d 276, 284-85

(E.D.N.Y 2014) (quoting *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir.

2005)) (internal quotation marks omitted). The nature of the claims here, liberally construed,

concern the revocation of Plaintiff Kaul's license, his alleged targeting during subsequent

proceedings, and Defendants' alleged efforts to evade accountability. To support those

allegations, the pleading identifies various proceedings; financial disclosures; bribery schemes;

judicial orders; attempts to kidnap; and denials of license applications. (*See* Am. Compl.)

Almost all of those allegations concern events and omissions in New Jersey. The initial

alleged conspiracy, for example, arises from the revocation of Plaintiff Kaul's license. (*See* Am.

Compl. ¶ 21.) Plaintiff Kaul was licensed to practice in New Jersey. (*See* Am. Compl. Ex. 1.)

He performed his spine surgeries in New Jersey; his license was revoked by the New Jersey State

11

Case 3:25-cv-00025-TSL-MTP    Document 1-1    Filed 01/14/25    Page 13 of 21
Case 4:24-cv-03180   Document 1-2   Filed on 08/26/24 in TXSD   Page 116 of 126
Case 1:21-cv-06992-JPO   Document 168   Filed 09/12/22   Page 12 of 20

Board of Medical Examiners; and the administrative disciplinary proceedings were initiated by

the Attorney General of New Jersey. *See Kaul v. Christie*, No. 16-CV-2364, 2019 WL 920815,

at *5 (D.N.J. Feb. 22, 2019). The alleged kidnapping, for another, concerns actions undertaken

by New Jersey officials such as Defendants Christie, Murphy, and Grewal. (*See* Am. Compl. ¶

120.) The other counts follow the same pattern. Indeed, Plaintiffs list "The State of New Jersey"

and "The District of New Jersey-Newark." as alleged co-conspirators. (*See id.*)

Plaintiffs identify several potential contacts in New York City. All are conclusory. None

are substantial. "Substantiality for venue purposes is a more qualitative than quantitative

inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the

specific events or omissions in the forum, and not by simply adding up the number of contacts."

*Daniel v. American Bd. of Emergency Medicine*, 428 F.3d 408, 432-33 (2d Cir. 2005). "[F]or

venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have

occurred in the district in question, even if other material events occurred elsewhere. *AEI Life,*

*LLC v. Lincoln Ben. Life Co.*, 305 F.R.D. 37, 43 (E.D.N.Y. 2015) (quotation omitted). Even had

Plaintiffs alleged any factual basis to support his allegations concerning New York City, those

contacts would be insubstantial in light of the nature of Plaintiffs' claims — primarily, a series of

RICO claims — and the reality that the allegations place those schemes primarily in New Jersey.

Further, any alleged contacts are insubstantial in light of Plaintiffs' gamesmanship. "Mr.

Kaul appears to be engaged in forum shopping." *Bos. Partners, Inc.*, 2021 WL 3272216, at *2.

"Apparently dissatisfied with the judges in the District of New Jersey, . . . he has initiated

lawsuits, based on the same underlying factual contentions, against many of the defendants in

this case (and others), in various federal district courts around the country." *Id.* He "seems

Case 3:25-cv-00025-TSL-MTP    Document 1-1    Filed 01/14/25    Page 14 of 21
Case 4:24-cv-03180    Document 1-2    Filed on 08/26/24 in TXSD    Page 117 of 126
Case 1:21-cv-06992-JPO    Document 168    Filed 09/12/22    Page 13 of 20

prepared to file essentially the same suit in any federal district court other than in New Jersey until he succeeds." *Id.* Such manufactured contacts are not a substantial part of the claims here.

If venue is not proper, "the case must be dismissed or transferred under [28 U.S.C.] § 1406(a)." *Atl. Marine Constr. Co.*, 571 U.S. at 56. Section 1406(a) provides that an improper district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Dismissal is appropriate here. Transfer would not be in the interests of justice. First, as already explained, Plaintiff Kaul appears to be forum-shopping. Second, "based on Mr. Kaul's prior conduct, if the Court were to transfer the case to the District of New Jersey, Mr. Kaul would likely voluntarily dismiss the case (or abandon his prosecution of it) and then re-file elsewhere." *Bos. Partners, Inc.*, 2021 WL 3272216, at *3. Third, as explained below, Plaintiffs "is unlikely to state a viable claim against any of the defendants even if the case were transferred." *Id.* Fourth, "whatever impediment there may be to an adjudication on the merits is the result of Mr. Kaul's own conduct." *Id.* Accordingly, the action is dismissed. Plaintiff Kaul's conduct warrants a dismissal with prejudice.

### C.    Merits

In the alternative, even if venue is proper, the amended complaint is dismissed for failure to state a claim. Each asserted claim is meritless.

#### 1.    Sarbanes-Oxley

Plaintiffs' claim under the Sarbanes-Oxley Act is meritless. Plaintiffs allege that some Defendants violated various reporting requirements, *see, e.g.*, 15 U.S.C. § 7241, because they did not report Plaintiff Kaul's claim for $28,000 trillion in monetary damages in a prior case. (*See* Am. Compl. ¶ 14.) But Sarbanes-Oxley does not supply a private cause of action for Plaintiffs' claim. Sarbanes-Oxley contains two express rights of action. One relates to insider trading, *see* 15 U.S.C. § 7244(a)(2)(B), and the other relates to whistleblowing, *see* 18 U.S.C. § 1514A(b).

13

Case 3:25-cv-00025-TSL-MTP   Document 1-1   Filed 01/14/25   Page 15 of 21
Case 4:24-cv-03180   Document 1-2   Filed on 08/26/24 in TXSD   Page 118 of 126
Case 1:21-cv-06992-JPO   Document 168   Filed 09/12/22   Page 14 of 20

Those rights of action "have nothing to do with the facts pleaded by [Plaintiffs,]" *Li v. Ali Baba Grp. Holding Ltd.*, No. 19-CV-11629, 2021 WL 4084574, at \*4, and there is no basis to infer a private right to enforce the provisions identified by Plaintiffs, *see Cohen v. Viray*, 622 F.3d 188, 194 (2d Cir. 2010). Accordingly, Plaintiff's Sarbanes-Oxley Act claim does not state a claim.

      **2.    RICO**

Plaintiffs' RICO allegations are also meritless. To state a valid civil RICO claim, a plaintiff must plausibly allege that defendants "engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 120 (2d Cir. 2013). Plaintiffs do not adequately allege the existence of a RICO enterprise. "[A] RICO enterprise is a group of persons associated together for a common purpose of engaging in a course of conduct, the existence of which is proven by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *First Capital Asset Mgmt. v. Satinwood, Inc.*, 385 F.3d 159, 173 (2d Cir. 2004). It requires "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to purpose the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938 (2009). Accordingly, to allege an enterprise, a plaintiff must at least plead with specificity both "the nature of the defendants' common interests and the mechanics of the alleged ongoing working relationship." *Cont'l Petroleum Corp. v. Corp. Funding Partners, LLC*, No. 11-CV-7801, 2012 WL 1231775, at \*6 (S.D.N.Y. Apr. 11, 2012). Plaintiffs have not done so. There is no explanation, for example, of the alleged "hierarchy, organization, and activities of the alleged association." *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 360 (S.D.N.Y. 2014). Instead, Plaintiffs simply identify entities and alleged crimes. Such a "conclusory naming of a string of entities" does not suffice. *Id.*

14

Case 3:25-cv-00025-TSL-MTP    Document 1-1    Filed 01/14/25    Page 16 of 21
Case 4:24-cv-03180    Document 1-2    Filed on 08/26/24 in TXSD    Page 119 of 126
Case 1:21-cv-06992-JPO    Document 168    Filed 09/12/22    Page 15 of 20

Further, Plaintiffs at most identify predicate acts; they do not plausibly allege a "course of fraudulent or illegal conduct separate and distinct from the alleged predicate racketeering acts themselves—a requirement in this Circuit." *First Capital*, 385 F.3d at 174. Accordingly, Plaintiffs' RICO allegations do not state a claim.

### 3.    Section 1983

Plaintiffs' Section 1983 allegations are meritless as well. "To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014). Most of the defendants here are not state actors. *See, e.g., Desiderio v. Nat'l Ass'n of Sec. Dealer, Inc.*, 191 F.3d 198, 206 (2d Cir. 1999) (finding the New York Stock Exchange not to be state actor); *Ponticelli v. Zurich Am. Ins. Grp.*, 16 F. Supp. 2d 414, 426 (S.D.N.Y. 1998) (finding private insurer not to be state actor). And, in any event, although Plaintiffs list various constitutional amendments and constitutional rights, they do not allege any factual basis from which to infer that these constitutional provisions have been violated. *See Iqbal*, 556 U.S. at 678.

### 4.    UN Declaration of Human Rights

Lastly, Plaintiffs' claim under the United Nation's Declaration of Human Rights is meritless. Plaintiff alleges that Defendants "abused the power of the American State to violate Kaul's human rights as enshrined in the Universal Declaration of Human Rights." (Am. Comp. ¶ 140.) But "the Universal Declaration of Human Rights . . . provides no private rights of action." *United States v. Chatman*, 351 F. App'x 740, 741 (3d Cir. 2009). Because any amendment would be futile, there is no reason to give Plaintiffs leave to amend.

### D.    Filing Injunction

Finally, the Court concludes that an anti-filing injunction for Plaintiff Kaul is appropriate. "That [a] district court possesse[s] the authority to enjoin [parties] from further vexatious

15

Case 3:25-cv-00025-TSL-MTP    Document 1-1    Filed 01/14/25    Page 17 of 21
Case 4:24-cv-03180    Document 1-2    Filed on 08/26/24 in TXSD    Page 120 of 126
Case 1:21-cv-06992-JPO    Document 168    Filed 09/12/22    Page 16 of 20

litigation is beyond peradventure." *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 23 (2d Cir. 1986). To

determine whether an anti-filing injunction is appropriate, a district court must consider: "(1) the

litigant's history of litigation and in particular whether it entailed vexatious, harassing or

duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant

have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by

counsel; (4) whether the litigant has caused needless expense to other parties or has posed an

unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be

adequate to protect the courts and other parties." *Eliahu v. Jewish Agency for Israel*, 919 F.3d

709, 714 (2d Cir. 2019).

These factors favor issuing an anti-filing injunction. First, Plaintiff Kaul has an extensive

history of duplicative lawsuits. Over the past decade, Plaintiff Kaul has filed at least twelve

lawsuits outside the District of New Jersey. (*See, supra*, pp. 2-3.) Those lawsuits all concern the

denial of his medical license in New Jersey as well as subsequent related proceedings. Courts

have dismissed claims on preclusion grounds. *See, e.g., Kaul v. Fed'n of State Med. Boards*, 21-

CV-57, 2021 WL 6550884, at \*3 (N.D. Tex. Sept. 17, 2021) (Ray, Jr., J.), *report and*

*recommendation adopted*, 21-CV-57, 2022 WL 171294 (N.D. Tex. Jan. 19, 2022). In those

cases, Plaintiff Kaul has a history of being a vexatious and harassing litigant. *Cf. Kaul v.*

*Murphy*, No. 21-CV-13063, 2021 WL 3663873, at \*1 (D.N.J. July 9, 2021) ("Plaintiff has been a

frequent, vexatious litigant before this Court."). Plaintiff Kaul harasses officials to manufacture

litigation. *See, e.g., Bos. Partners, Inc.*, 2021 WL 3272216, at \*3 n.13 ("It appears that one of

Mr. Kaul's tactics is to send a letter to someone alerting them to the alleged conspiracy (or

asking them to disclaim involvement) and then, if the recipient does not respond, concluding that

they are a participant in the conspiracy."); (Dkt. No. 71, Ex. 3.) (letter addressed to New

Case 3:25-cv-00025-TSL-MTP    Document 1-1    Filed 01/14/25    Page 18 of 21
Case 4:24-cv-03180   Document 1-2   Filed on 08/26/24 in TXSD   Page 121 of 126
Case 1:21-cv-06992-JPO   Document 168   Filed 09/12/22   Page 17 of 20

Hampshire licensing officials warning that their potential "misconduct would constitute a

conspiracy involving the State of New Hampshire and would expose the state to legal liability").

Plaintiff Kaul harasses opposing parties during litigation. For example, in *Kaul v. Murphy*, 21-

CV-9788, the district court ultimately ordered Kaul not to "communicat[e], or attempt[] to

directly communicate, with any represented Defendants or their relatives, and from entering the

property where any represented Defendant resides." (Dkt. No. 71, Ex. B., 186.) And the Court

has serious doubts about Plaintiff Kaul's candor with the Court. For example, Plaintiff Kaul

alleges that certain Defendants have "admitted to the RICO and Section 1983 claims," citing an

Exhibit 5 (*See* Am. Compl. pp. 225-28), but this document appears to be fabricated. (*See* Dkt.

No. 97 at 2-3, 14.) These facts weigh heavily in favor of an injunction.

Second, Plaintiff Kaul has no objective expectation of prevailing. He has not prevailed in

any of the twelve duplicative cases he has filed with the district courts around the United States.

As explained above, and as other courts have found, the filings in these cases are "bizarre, far-

fetched, and reliant on flawed premises." *Bos. Partners, Inc.*, 2021 WL 3663873, at *3.

Third, although Plaintiff Kaul proceeds *pro se*, he is a sophisticated litigant. *Kaul v.

Fed'n of State Med. Boards*, No. 19-CV-3050, 2020 WL 7042821, at *17 (D.D.C. Dec. 1, 2020)

("Although they are proceeding *pro se*, Plaintiffs are highly educated and experienced in

utilizing the court system.") Regardless, given the other factors, an injunction is appropriate for

Plaintiff Kaul even though he proceeds *pro se. See, e.g., Schuster v. Charter Communs., Inc.*,

No. 18-CV-1826, 2021 WL 1317370 (S.D.N.Y. Apr. 8, 2021) (issuing anti-filing injunction for

*pro se* litigant); *Edwards v. Barclays Servs. Corp.*, 19-CV-9326, 2020 WL 2087749 (S.D.N.Y.

May 1, 2020), *report and recommendation adopted*, No. 19-CV-9326, 2020 WL 3446870

Case 3:25-cv-00025-TSL-MTP    Document 1-1    Filed 01/14/25    Page 19 of 21
Case 4:24-cv-03180   Document 1-2   Filed on 08/26/24 in TXSD   Page 122 of 126
Case 1:21-cv-06992-JPO   Document 168   Filed 09/12/22   Page 18 of 20

(S.D.N.Y. June 24, 2020) (same); *see also Lipko v. Christie*, 94 F. App'x 12, 14 (2d Cir. 2004) (enjoining *pro se* litigant from filing appeals).

Fourth, Plaintiff Kaul has caused needless expense to other parties and needlessly burdened court personnel. For example, he regularly files documents that must be stricken. *See, e.g., Kaul v. Schumer*, 19-CV-13477, ECF No. 13 (filing purported "Request[s] for admission or denial of statements" directed to sitting United States District Court Judges").

Fifth, lesser sanctions would not be adequate. For years, Plaintiff Kaul has filed cases in improper venues and then voluntarily dismissed them once they reach the District of New Jersey. *See Bos. Partners, Inc.*, 2021 WL 3272216, at \*3. There is no reason to think that practice will abate. Further, Plaintiff has already ignored an anti-filing injunction that covers a defendant in this case. (*See* Dkt. No. 129-1 ("Stolz Declaration") ¶ 5.) "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Safir*, 792 F.2d at 24. Absent an injunction, it is likely that Kaul would continue here.

The filing injunction here must be "appropriately narrow." *Bd. of Managers of 2900 Ocean Ave. Condo. v. Bronkovic*, 83 F.3d 44, 45 (2d Cir. 1996). Given Plaintiff Kaul's history, he should be enjoined from filing lawsuits arising from the allegations here. Given Plaintiff Kaul's litigation practices, he is enjoined from filing those lawsuits in any federal court. When a litigant has demonstrated "a pattern of abusing different district courts around the country, an injunction which applies to all federal district courts is warranted." *Sassower*, 833 F. Supp. 253, 270 (S.D.N.Y. 1993) (citing *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984)).

\*\*\*

18

Case 3:25-cv-00025-TSL-MTP    Document 1-1    Filed 01/14/25    Page 20 of 21

Case 4:24-cv-03180    Document 1-2    Filed on 08/26/24 in TXSD    Page 123 of 126
Case 1:21-cv-06992-JPO    Document 168    Filed 09/12/22    Page 19 of 20

From the date of this Opinion and Order, Plaintiff Kaul is barred from filing in any United States district court any action, motion, petition, complaint, or request for relief against any of the Defendants named in this litigation that relates to or arises from (i) the denial of his medical license; (ii) subsequent litigation proceedings initiated by the Defendants here before the date of this Order; (iii) subsequent litigation proceedings initiated by Plaintiff Kaul before the date of this Order; without first obtaining leave from this Court. Any motion for leave must include the caption "Request for Permission to File under Filing Injunction" and must be submitted to the Pro Se Intake Unit of this Court along with Plaintiff Kaul's proposed filings.

If Plaintiff Kaul violates this Opinion and Order and files any materials without first obtaining leave to file, any request will be denied for failure to comply with this Opinion and Order, and Plaintiff Kaul may be subject to sanctions, including monetary penalties or contempt. *See Schuster*, 2021 WL 1317370, at *11. The Court clarifies that this filing injunction does not prevent Kaul from filing an appeal from this Opinion and Order.

## IV.    Conclusion

For the foregoing reasons, Defendants' motions to dismiss the complaint are GRANTED. The complaint is hereby dismissed for pleading failures under Rule 8(a)(2); for lack of venue; and for failure to state a claim.

Defendants' motions for an anti-filing injunction are also GRANTED as set forth above.

Case 3:25-cv-00025-TSL-MTP   Document 1-1   Filed 01/14/25   Page 21 of 21
Case 4:24-cv-03180   Document 1-2   Filed on 08/26/24 in TXSD   Page 124 of 126
Case 1:21-cv-06992-JPO   Document 168   Filed 09/12/22   Page 20 of 20

The Clerk of Court is directed to:

(1) close the motions at Docket Numbers 69, 82, 91, 93, 95, 100, 103, 117, 126, 140, 144, and 149;

(2) enter final judgment in favor of Defendants dismissing the complaint with prejudice;

(3) mail a copy of this opinion and order to the *pro se* parties in this matter; and

(4) close this case.

SO ORDERED.

Dated: September 12, 2022
New York, New York

J. PAUL OETKEN
United States District Judge

20