```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                  NORTHERN DIVISION


RICHARD ARJUN KAUL                                PLAINTIFF

VS.                        CIVIL ACTION NO. 3:25CV25TSL-MTP

FEDERATION STATE MEDICAL BOARDS,
CENTER FOR PERSONALIZED EDUCATION
FOR PHYSICIANS, JAMES HOWARD SOLOMON,
ALLSTATE INSURANCE COMPANY, CHRISTOPHER
J. CHRISTIE, ROBERT FRANCIS HEARY,
DANIEL STOLTZ                                    DEFENDANTS
```

### MEMORANDUM OPINION AND ORDER

This cause is before the court sua sponte.

According to the 160-page complaint in this cause, in 2005, plaintiff Richard Arjun Kaul invented and performed the first percutaneous spinal fusion. As a result of professional jealousy, in 2014, the New Jersey Board of Medical Examiners unjustly revoked his license. Since that time, plaintiff has filed over a dozen unsuccessful lawsuits in federal courts in New Jersey and at least four other jurisdictions, alleging a vast bribery and racketeering scheme involving numerous medical professionals, lawyers, government officials and insurance companies. In this action, Kaul, a New York resident, has sued seven defendants, none of which is a Mississippi resident or entity, again complaining about the 2014 revocation of his medical license and about the alleged vast conspiracy by defendants (and others) to unlawfully prohibit him from

1

practicing medicine. Among other claims, he purports to set out Racketeer Influenced and Corrupt Organizations Act (RICO) claims, and seeks unspecified compensatory and punitive damages, reinstatement of his New Jersey medical license and a public apology from defendant Christopher Christie.

As for venue, citing 28 U.S.C. § 1391(b)(2), the complaint asserts that venue is proper in this court because the denial of "2020/2024 applications for licensure in the State of Mississippi" was based on New Jersey's revocation of his medical license, and thus, constituted new, ongoing racketeering injuries.

A district court may consider sua sponte whether venue is proper and has discretion to dismiss or transfer a case if venue is improper. Caldwell v. Palmetto State Sav. Bank of S.C., 811 F.2d 916, 919 (5th Cir. 1987). See also 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

Under § 1391(b), venue for a civil action in federal court is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the

2

>             claim occurred, or a substantial part of property that
>             is the subject of the action is situated; or
>
>                 (3) if there is no district in which an action may
>             otherwise be brought as provided in this section, any
>             judicial district in which any defendant is subject to
>             the court's personal jurisdiction with respect to such
>             action.

It is clear from the court's review of the complaint and the summonses that were issued to plaintiff that no defendant is a resident of Mississippi. It is further clear that from a venue standpoint, this action could have been brought in the District of New Jersey. See Kaul v. Intl Exch., No. 21-CV-6992 (JPO), 2022 WL 4133427, at *1 (S.D.N.Y. Sept. 12, 2022) (cataloguing plaintiff's litigation efforts against these defendants and others which had its genesis in the District of New Jersey and observing that several courts had transferred plaintiff's substantially-similar complaints to District of New Jersey). Finally, it is equally obvious that a substantial part of the alleged acts or omissions did not occur in Mississippi.

    To sustain venue, plaintiff alleges that a RICO injury occurred when his application for a medical license was denied in Mississippi. The gravamen of the factual allegations, however, relates to events and omissions occurring in New Jersey. Plaintiff's venue allegation focuses on a harm allegedly suffered by plaintiff as the result of defendants' alleged, remote-in-time actions in other jurisdictions (particularly New Jersey), which necessarily would have been

3

felt by plaintiff in his state of residence, which is not Mississippi. This alleged harm is tangential to the overwhelming majority of the factual allegations which relate to defendants' alleged actions and omissions occurring in New Jersey and in no way can be considered a substantial part of the events or omissions giving rise to the claim. See Kaul v. Bos. Partners, Inc., No. 21-CV-10326-ADB, 2021 WL 3272216, at *2 (D. Mass. July 30, 2021), aff'd sub nom. Kaul v. Bos. Partners Glob. Invs., Inc., No. 21-1686, 2024 WL 3963961 (1st Cir. Feb. 9, 2024) (examining another of Kaul's complaints seeking to reinstate his New Jersey license against four of defendants herein and others and concluding that the District of Massachusetts was improper venue).

Having concluded that the Southern District of Mississippi is an improper venue, the court, in its discretion, finds for the well-stated reasons in Kaul v. Bos. Partners, Inc., 2021 WL 3272216, at *2-3 (dismissing plaintiff's complaint), that this action should be dismissed, not transferred.

Accordingly, it is ordered that this case is dismissed.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 20th day of February, 2025.

/s/ Tom S. Lee _____
UNITED STATES DISTRICT JUDGE